RECEIPT # 55
AMOUNT $ 150
SUMMONS ISSUED
LOCAL RULE 4.1
W IVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 5-6-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROGER OSORIO, Individually and as )
Parent and Next Friend of JOB DAVID )
OSORIO, a minor, )
        Plaintiff )
 )
Vs. )
 )
WYNDHAM INTERNATIONAL, INC. )
AND PATRIOT AMERICAN )
HOSPITALITY, INC., )
        Defendants )

# 04 10901 MEL

MAGISTRATE JUDGE Cohen

## NOTICE OF REMOVAL OF CIVIL ACTION

## TO THE HONORABLE JUSTICE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Petitioners, Wyndham International, Inc. and Patriot American Hospitality, Inc., respectfully show this court:

1. The Petitioners are the defendants in the above-entitled action;

2. On or about March 11, 2004, the plaintiff commenced an action against the defendants, Wyndham International, Inc. and Patriot American Hospitality, Inc.;

3. On or about April 23, 2004, the plaintiff's counsel served the defendants with a copy of the complaint;

4. No further proceedings have been had herein in the Middlesex Superior Court;

5. The above-entitled action wholly involves citizens of different states in that at the time of the commencement of this action in Massachusetts, and since that time, the plaintiff is a resident of the State of Florida and the defendants are Delaware corporations with principal places of business and residence at 1950 Stemmons Freeway, Dallas, Texas;

-2-

6.    The amount in controversy, exclusive of interest and costs, is in excess of
seventy-five thousand dollars ($75,000.00) as the plaintiff alleges that the minor
plaintiff suffered a fractured femoral shaft requiring two closed reductions and
spica casting for seven (7) weeks. It is alleged that as a result, he has a leg length
discrepancy;

7.    This Court, therefore, has original jurisdiction of the above entitled action
pursuant to 28 U.S.C. sec. 1332 and removal of the action to this Court is proper
pursuant to 28 U.S.C. sec. 1441 (a);

8.    The above-entitled action is a civil action for personal injuries in which the
plaintiff is alleging that he was caused personal injuries as a result of the
negligence of the defendants in the maintenance and control of their premises.

9.    Copies of the original complaint served upon the defendants are attached hereto
and marked "A".

10.    This Petition is filed with the Court within thirty (30) days after serve on the
Petitioners of the Summons and Complaint in this action;

11.    In compliance with 28 U.S.C. sec. 1446 (d), the Petitioners will give written
notice of the filing of the Notice of Removal to adverse parties, and will file a
copy of the Notice of Removal with the Clerk of the Middlesex Superior Court,
Commonwealth of Massachusetts, in the above matter.

WHEREFORE, the Petitioners pray the above-entitled action be removed from
the Middlesex Superior Court to this Court.

-3-

_Edward G. McGrath_

THOMAS B. FARREY, III/BBO159880
EDWARD B. McGRATH/BBO547171
Burns & Farrey
150 Federal Street
Boston, MA   02110
Tel.  617/439-4750

## CERTIFICATE OF SERVICE

I, THOMAS B. FARREY, III AND/OR EDWARD B. McGRATH, hereby certify that I have this date mailed a copy of the within document, postage prepaid, to Corey C. Shaw, Esquire, 1 Foxhill Drive, Suite 110, Walpole, MA, 02081.

DATED:      May 6, 2004

_Edward G. McGrath_

THOMAS B. FARREY, III
EDWARD B. MCGRATH

WI13.cg

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
CIVIL ACTION NO.:

04- 994

---------------------------------------
ROGER OSORIO, Individually and )
as Parent, Guardian and Next Friend )
to JOB DAVID OSORIO, a minor, )
)
        Plaintiffs, )
v. )
)
WYNDHAM INTERNATIONAL, )
INC. and PATRIOT AMERICAN )
HOSPITALITY, INC., )
)
        Defendant, )
---------------------------------------

**COMPLAINT**
*Plaintiffs demand a jury trial*

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAR 12 2004

_____
CLERK

## PARTIES

1)     The plaintiff Roger Osorio, is an individual who resides in Orlando, Florida.

2)     The plaintiff Job David Osorio, a minor, resides in Orlando, Florida.

3)     The plaintiff Roger Osorio is the father and next friend of Job David Osorio, a minor.

4)     The defendant, Wyndham International, Inc. (hereinafter referred to as "Wyndham") is a corporation duly organized under the business corporation laws of the State of Delaware with a principal place of business located at 1950 Stemmons Freeway, Suite 6001, in Dallas, Texas.

5)     The defendant, Patriot American Hospitality, Inc. (hereinafter referred to as "Patriot American") is also a corporation duly organized under the business corporation laws of the State of Delaware with a principal place of business located at 1950 Stemmons Freeway, Suite 6001, in Dallas, Texas.

03/12/04 14:40#0000 4389 CLERK E
                     2ll   240.00
        CIVIL         480.00
        SURCHARGE  15.00
        SUMMONS    10.00
        SECC        20.00
        040994 #
        SUBTTL   525.00
        TOTAL 525.00
        CHECK    525.00

6)    At all times relevant hereto, the defendant Patriot American, was the owner and in control

of the premises known as Summerfield Suites located at 54 Fourth Avenue in Waltham,

Middlesex County, Massachusetts.

7)    At all times relevant hereto the defendant Wyndham operated, managed and controlled

the premises known as Summerfield Suites located at 54 Fourth Avenue in Waltham,

Middlesex County, Massachusetts.

## FACTS COMMON TO ALL COUNTS

8)    On June 2, 2002, the Plaintiffs were lawful visitors of Suite 327 at the aforementioned

Summerfield Suites, a suite which included a kitchen and was designed, advertised and

marketed for extended family occupancy.

9)    On June 2, 2002, Job David Osorio, a minor, was exercising reasonable due care on the

defendants' aforementioned premises at Summerfield Suites.

10)   On June 2, 2002 as a result of dangerous, unsafe and defective conditions on the

defendants' aforementioned premises Summerfield Suites, Job David Osorio suffered

serious physical injuries and has incurred and will continue to incur significant medical

expenses for the care and treatment of his injuries and suffers from a continuing and

permanent disability which has prevented and will continue to prevent him from

resuming his normal activities and great physical, mental and emotional pain, anguish,

suffering and distress.

## COUNT ONE

### *Negligence against Patriot American Hospitality, Inc.*

11)   The plaintiff repeats and reavers the allegations set forth in paragraphs 1-10 hereinabove .
as if those allegations were expressly rewritten and set forth herein.

12)   At all material times, the defendant Patriot American had a duty to keep and maintain its'
premises at Summerfield Suites reasonably safe for all lawful visitors.

13)   At all material times, the defendant Patriot American had a duty of due care to adequately
warn lawful visitors, including the plaintiffs, of all dangerous, unsafe and/or defective
conditions on its premises at Summerfield Suites.

14)   At all material times, the defendant Patriot American, its agents, servants or employees,
failed to exercise its duty of due care as set forth hereinabove.  Said defendant carelessly
and negligently operated, controlled, managed and maintained its premises at
Summerfield Suites in an unsafe, dangerous and defective condition.  Said defendant
failed to adequately warn the plaintiff of the unsafe, dangerous and defective conditions
on its premises.

15)   As a direct and proximate result of the negligence and carelessness of the defendant
Patriot American its agents, servants or employees, Job David Osorio suffered serious
and substantial physical injuries and incurred significant medical expenses for surgeries
and other treatment thereof, continuing and permanent disability, great physical, mental
and emotional pain, anguish, suffering and distress.

(3)

**WHEREFORE,** the plaintiff Job David Osorio, a minor, by his father and next friend, demands judgment against the defendant Patriot American Hospitality, Inc. for compensatory damages, together with costs, interest, expenses and reasonable attorney's fees and any further relief deemed meet and just by the Court.

## COUNT TWO

### *Negligence against Wyndham International, Inc.*

16) The plaintiff repeats and reavers the allegations set forth in paragraphs 1-15 hereinabove . as if those allegations were expressly rewritten and set forth herein.

17) At all material times, the defendant Wyndham had a duty to keep and maintain its' premises at Summerfield Suites reasonably safe for all lawful visitors.

18) At all material times, Wyndham had a duty of due care to adequately warn lawful visitors, including the plaintiffs, of all dangerous, unsafe and/or defective conditions on its premises at Summerfield Suites.

19) At all material times, the defendant Wyndham, its agents, servants or employees failed to exercise its duty of due care as set forth hereinabove.  Said defendant carelessly and negligently operated, controlled, managed and maintained its premises at Summerfield Suites in an unsafe, dangerous and defective condition.  Said defendant failed to adequately warn the plaintiff of the unsafe, dangerous and defective conditions on its premises.

20) As a direct and proximate result of the negligence and carelessness of the defendant Wyndham, its agents, servants or employees, Job David Osorio suffered serious and substantial physical injuries and incurred significant medical expenses for surgeries and

other treatment thereof, continuing and permanent disability, great physical, mental and emotional pain, anguish, suffering and distress.

WHEREFORE, the plaintiff Job David Osorio, a minor, by his father and next friend demands judgment against the defendant Wyndham International, Inc. for compensatory damages, together with costs, interest, expenses and reasonable attorneys fees and any further relief deemed meet and just by the Court.

## COUNT THREE

### Roger Osorio's Loss of Consortium
### Claim against American Patriot Hospitality, Inc.

21) The plaintiff Roger Osorio, repeats and reavers the allegations set forth in paragraphs 1-20 hereinabove as if those allegations were expressly rewritten and set forth herein.

22) On June 2, 2002 and at all material times, plaintiff Roger Osorio is the father of the plaintiff Job David Osorio, a minor.

23) As a result of the negligence of the defendant, Patriot American, its agents, servants or employees, the plaintiff Roger Osorio suffered a loss of his son's consortium.

24) The defendant Patriot American, its agents, servants or employees, are liable to pay loss of consortium damages to plaintiff Roger Osorio.

WHEREFORE, the plaintiff Roger Osorio demands judgment against the defendant Patriot American Hospitality, Inc. for compensatory damages, together with costs, interest, expenses and reasonable attorneys fees.

(5)

## COUNT FOUR

### *Roger Osorio's Loss of Consortium*
### *Claim against Wyndham International, Inc.*

25)    The plaintiff, Roger Osorio, repeats and reavers the allegations set forth in paragraphs 1-24 hereinabove as if those allegations were expressly rewritten and set forth herein.

26)    On June 2, 2002 and at all material times, plaintiff Roger Osorio is the father of the plaintiff, Job David Osorio, a minor.

27)    As a result of the negligence of the defendant Wyndham, its agents, servants or employees, the plaintiff Roger Osorio suffered a loss of his son's consortium.

28)    The defendant Wyndham, its agents, servants or employees, are liable to pay loss of consortium damages to plaintiff Roger Osorio.

   **WHEREFORE,** the plaintiff, Roger Osorio, demands judgment against the defendant Wyndham International, Inc. for compensatory damages, together with costs, interest, expenses and reasonable attorneys fees.

### JURY DEMAND

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES.**

                                    Roger Osorio
                                    and Job Osorio, PPA,


                                    Plaintiffs,

| CIVIL ACTION COVER SHEET | 04- 994 | al Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|



**PLAINTIFF(S)**

Roger Osorio

**DEFENDANT(S)**

Patriot American Hospitality, Inc. and Wyndham International, Inc.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  (508) 660-2772
Corey C. Shaw, Law Offices of Corey C. Shaw
One Foxhill Drive, Walpole, MA  02081
Board of Bar Overseers number:  455340

ATTORNEY  (if known)

## Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial)  (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)  (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . $ 22,048.39
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . $ 8,329.00
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . $
4. Total physical therapy expenses . . . . . . . . . . . . . . . . $
5. Total other expenses (describe)   ambulance . . . . . . . $ 772.00

> FILED
> IN THE OFFICE OF THE
> CLERK OF THE COURTS
> FOR THE COUNTY OF MIDDLESEX
> MAR 12 2004
> Edward J. Sullivan
> CLERK

Subtotal $ 31,149.39

Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . $
Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . $
Reasonably anticipated future medical and hospital expenses . . . . . . . . . . $
Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . unknown
Other documented items of damages (describe)
$ . . . . . . . . . . .

Brief description of plaintiff's injury, including nature and extent of injury (describe)
   As a consequence of the fall from the third story window, then 17-month old Job Osorio, sustained a femoral shaft fracture requiring two closed reductions and spica casting.  The spica casting alone prevented the child from moving or walking for more than seven weeks.  As a further consequence of the injury, the child has suffered a leg length discrepancy which causes gait disturbance, and pelvic imbalance and obliquity.

$3,000,000.00

**TOTAL** $3,031,149.39.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $.** . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 3/11/04

mtc005-11/99
1-2000