UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-10901MEL

ROGER OSORIO, Individually and as )
Parent and Next Friend of JOB DAVID )
OSORIO, a minor, )
    Plaintiff )
)
Vs. )
)
WYNDHAM INTERNATIONAL, INC. )
AND PATRIOT AMERICAN )
HOSPITALITY, INC., )
    Defendants )

## DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND CLAIM FOR JURY TRIAL

Answering to the plaintiff's complaint, the defendants, Wyndham International, Inc., and Patriot American Hospitality, Inc., admit, deny and allege as follows:

### PARTIES

1. The defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendants admit the allegations contained in this paragraph.

5. The defendants admit the allegations contained in this paragraph.

6. The defendants deny the allegations contained in this paragraph.

7. The defendants deny the allegations contained in this paragraph.

## FACTS COMMON TO ALL COUNTS

8. The defendants admit that on June 2, 2002, the plaintiffs were lawful visitors of Suite 327 at the aforementioned Summerfield Suites, a suite which included a kitchen. The defendants deny the remainder of the allegations contained in this paragraph.

9. The defendants deny the allegations contained in this paragraph.

10. The defendants deny the allegations contained in this paragraph.

## COUNT ONE
## NEGLIGENCE AGAINST PATRIOT AMERICAN HOSPITALITY, INC.

11. The defendants reallege and reaver their answers to paragraphs one (1) through ten (10) of the complaint and by reference incorporate them herein.

12. This paragraph contains conclusions of law and, as such, the defendants are not required to respond. If it is later determined that the defendants are required to respond, the defendants deny the allegations contained in this paragraph.

13. This paragraph contains conclusions of law and, as such, the defendants are not required to respond. If it is later determined that the defendants are required to respond, the defendants deny the allegations contained in this paragraph.

14. The defendants deny the allegations contained in this paragraph.

15. The defendants deny the allegations contained in this paragraph.

## COUNT TWO
## NEGLIGENCE AGAINST WYNDHAM INTERNATIONAL, INC.

16. The defendants reallege and reaver their answers to paragraphs one (1) through fifteen (15) of the complaint and by reference incorporate them herein.

17. This paragraph contains conclusions of law and, as such, the defendants are not required to respond. If it is later determined that the defendants are required to respond, the defendants deny the allegations contained in this paragraph.

18. This paragraph contains conclusions of law and, as such, the defendants are not required to respond. If it is later determined that the defendants are required to respond, the defendants deny the allegations contained in this paragraph.

19. The defendants deny the allegations contained in this paragraph.

20. The defendants deny the allegations contained in this paragraph.

## COUNT THREE
## ROGER OSORIO'S LOSS OF CONSORTIUM CLAIM AGAINST PATRIOT AMERICAN HOSPITALITY, INC.

21. The defendants reallege and reaver their answers to paragraphs one (1) through twenty (20) of the complaint and by reference incorporate them herein.

22. The defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

23. The defendants deny the allegations contained in this paragraph.

24. The defendants deny the allegations contained in this paragraph.

## COUNT FOUR
## ROGER OSORIO'S LOSS OF CONSORTIUM CLAIM AGAINST WYNDHAM INTERNATIONAL, INC.

25. The defendants reallege and reaver their answers to paragraphs one (1) through twenty-four (24) of the complaint and by reference incorporate them herein.

26. The defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

27. The defendants deny the allegations contained in this paragraph.

28. The defendants deny the allegations contained in this paragraph.

**FIRST DEFENSE**

The defendants state pursuant to Federal Rules of Civil Procedure 12(b)(6), the complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

And further answering, the defendants state pursuant to Federal Rules of Civil Procedure 12(b)(4), the process was insufficient.

**THIRD DEFENSE**

And further answering, the defendants state pursuant to Federal Rules of Civil Procedure 12(b)(5), the service of process on the defendants was insufficient.

**FOURTH DEFENSE**

And further answering, the defendants state that the plaintiff is barred from recovery because this action was not brought within the time specified by the General Laws of this Commonwealth.

**FIFTH DEFENSE**

And further answering, the defendants state that the plaintiff is not entitled to maintain this action for the reason that at the time set forth in the complaint, the plaintiff was not in the exercise of due care, and the damages alleged were caused in whole or in part by the negligence of the plaintiff to a degree greater than the alleged negligence of the defendants.

### SIXTH DEFENSE

And further answering, the defendants state that the negligence of the plaintiff contributed in some degree to the cause of the accident; wherefore, the damages, if any, awarded to the plaintiff should be reduced in accordance with the law.

### SEVENTH DEFENSE

And further answering, the defendants state that the intervening act of a third party was the proximate cause of the alleged damage to the plaintiff.

### EIGHTH DEFENSE

And further answering, the defendants state that the plaintiff has failed to give seasonable and proper notice of the injury and/or accident as required by the General Laws of this Commonwealth, all to the great prejudice of the defendants.

### NINTH DEFENSE

And further answering, the defendants say that if the plaintiff suffered the injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the defendants were not and are not responsible.

### THE DEFENDANTS CLAIM A TRIAL BY JURY ON ALL ISSUES

THOMAS B. FARREY, III/#159880
EDWARD B. McGRATH/#547171
Burns & Farrey
150 Federal Street
Boston, MA  02110
Tel. 617/439-4750

## COUNTERCLAIM FOR CONTRIBUTION /INDEMNITY AGAINST ROGER OSORIO

1. Roger Osorio the plaintiff\defendant-in-counterclaim has brought an action individually and as the parent/guardian next friend of Job David Osorio against the defendants\plaintiffs-in-counterclaim in the above captioned matter.

2. The plaintiff/defendant-in-counterclaim's negligence was the sole proximate cause of Job David Osorio's injuries and, therefore, Roger Osorio is liable for those injuries.

-6-

3. Roger Osorio's negligence was a proximate cause of the injuries allegedly sustained by Job David Osorio and, therefore, Roger Osorio is liable in whole or in part for any judgment entered against the defendant/plaintiffs in counterclaim in this matter.

WHEREFORE, the defendants/plaintiffs-in-counterclaim respectfully ask this Honorable Court to enter a Judgment against Roger Osorio and award the defendants/plaintiffs-in-counterclaim their costs, attorneys' fees and any other relief this Honorable Court deems appropriate.

**THE DEFENDANTS\PLAINTIFFS-IN-COUNTERCLAIM CLAIM
A TRIAL BY JURY ON ALL ISSUES**

THOMAS B. FARREY, III/#159880
EDWARD B. McGRATH/#547171
Burns & Farrey
150 Federal Street
Boston, MA 02110
Tel. 617/439-4750

**CERTIFICATE OF SERVICE**

I, THOMAS B. FARREY, III AND/OR EDWARD B. McGRATH, hereby certify that I have this date mailed a copy of the within document, postage prepaid, to Corey C. Shaw, Esquire, 1 Foxhill Drive, Suite 110, Walpole, MA, 02081.

DATED: 5/14/04

THOMAS B. FARREY, III
EDWARD B. MCGRATH

Y:\Wi-13\crossclaim.doc